UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEHAD ABUEIN** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 24-2261** |
| | * | |
| **STATE FARM LIFE INSURANCE CO.** | * | **SECTION L(1)** |

## ORDER & REASONS

Before the Court is a 12(b)(6) Motion to Dismiss filed by Defendant State Farm Life Insurance Company ("State Farm"). R. Doc. 4. Plaintiff Jehad Abuein ("Plaintiff") opposes the motion. R. Doc. 6. After considering the record, briefing, and applicable law, the Court now rules as follows.

## I.   BACKGROUND & PRESENT MOTION

This case arises out of the cancellation of a life insurance policy (the "Policy") issued by Defendant State Farm to the Plaintiff. R. Doc. 1-1 at 2-3. Plaintiff alleges that on September 19, 2023, State Farm rescinded the Policy about a year after he was diagnosed with Huntington's disease, a terminal illness that causes cell decay in the brain and is usually fatal. *Id.* Accordingly, Plaintiff filed the instant lawsuit in state court, asserting a breach of contract claim against State Farm for improper rescission of the Policy. *Id.* He seeks relief specifically in the form of the "contractual amounts to be paid" under the Policy as well as "any damages sustained by . . . [State Farm's] breach of this contract." *Id.* State Farm subsequently removed the matter to this Court on the basis of diversity jurisdiction but has not yet filed its answer to Plaintiff's petition. R. Doc. 1.

In the present motion, State Farm asserts that dismissal is warranted under Rule 12(b)(6) for two reasons. R. Doc. 4-1. First, it contends that Plaintiff has failed to state a claim for breach of contract because he made a material misrepresentation on his insurance application, which gave

1

State Farm the right to rescind the Policy. *Id.* at 2. Second, it argues that Plaintiff is not owed any damages because he cashed a check returning all the premiums State Farm received under the Policy and was not otherwise harmed by the rescission. *Id.* Additionally, State Farm notes that Plaintiff has not made a claim for death benefits, but even if he had, Plaintiff would not be owed anything under the Policy because he is not dead. *Id.*

Plaintiff opposes the motion. R. Doc. 6. He claims that State Farm's decision to rescind the Policy has in fact caused him harm because he has been unable to procure a new life insurance policy due to his Huntington's diagnosis. *Id.* Further, Plaintiff agrees with State Farm that he is not seeking the Policy's death benefits and thus whether he is alive or not has no bearing on his ability to challenge State Farm's rescission of the Policy in court. *Id.* Lastly, Plaintiff asserts that once he is provided with a certified copy of the Policy, he can provide an itemized breakdown of damages sought to State Farm and amend his petition as needed. *Id.* at 3.

## II.     APPLICABLE LAW & ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual

inferences, or legal conclusions*.*" *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Here, Plaintiff's petition explicitly states that State Farm improperly rescinded his life insurance because of his Huntington's diagnosis. R. Doc. 1-1 at 3. While the Court acknowledges State Farm's contention that it had a right to rescind Plaintiff's Policy based on an alleged material misrepresentation in his insurance application, this issue is a question of fact that cannot be decided at the motion to dismiss stage. *See Zydeco's II, LLC v. Certain Underwriters at Lloyd's, London*, 19-562 (La. App. 5 Cir. 5/28/21), 356 So. 3d 345, 373 (explaining an insurer bears the burden of proving that the insured made a materially false statement with the intent to deceive in order to rescind an insurance policy pursuant to La. R.S. 22:860). As stated above, a 12(b)(6) analysis requires the Court to construe the well-pleaded facts in the petition as true and in the light most favorable to Plaintiff. *See Baker,* 75 F.3d at 196. Thus, the Court, in deciding this motion, must presume improper rescission occurred as alleged in the petition. Accordingly, the Court finds Plaintiff has sufficiently alleged a breach of contract claim under Louisiana law.

Similarly, State Farm's argument that Plaintiff has not suffered harm from rescission of the Policy is without merit. Plaintiff's alleged damages arise out of his inability to obtain new life insurance after State Farm cancelled the Policy due to his Huntington's diagnosis. State Farm has failed to cite to any positive law that stands for the proposition that such a loss of coverage, especially given Plaintiff claims he is no longer insurable on the life insurance market as a result of his preexisting condition, is not a legally-cognizable injury that may be redressed by this Court. As such, the Court will not dismiss Plaintiff's claim on this basis.

However, the Court would like to clarify that it does not find Plaintiff has conclusively proven that State Farm improperly rescinded the Policy and is thus entitled to damages. Rather, the Court merely holds today that the Plaintiff has adequately alleged a valid breach of contract

3

action in his petition. Once all parties have had the benefit of discovery and the Plaintiff is able to review a certified copy of the Policy, either party may move for summary judgment as to whether State Farm's rescission of the Policy was in fact improper. *See Kovach v. Hancock Bank of Louisiana*, 2014-0981 (La. App. 4 Cir. 5/6/15), 164 So. 3d 436, 443 (reaching a holding related to an insurer's inability to obtain new life insurance due to a cancer diagnosis at the summary judgment stage).

### III. CONCLUSION

Considering the foregoing;

**IT IS HEREBY ORDERED** that State Farm Life Insurance Company's 12(b)(6) Motion to Dismiss, R. Doc. 4, is **DENIED** with prejudice.

New Orleans, Louisiana, this 4th day of February, 2025.

_____
United States District Judge