UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEHAD ABUEIN** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 24-2261** |
| | * | |
| **STATE FARM LIFE INSURANCE CO.** | * | **SECTION L (1)** |

### ORDER & REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant State Farm Life Insurance Company ("State Farm"). R. Doc. 22. Plaintiff Jehad Abuein opposes the motion, R. Doc. 24, and State Farm has submitted a reply memorandum, R. Doc. 27. Having considered the parties' briefing in light of the record facts and applicable law, the Court will DENY State Farm's motion.

## I.    BACKGROUND AND PRESENT MOTION

On May 4, 2022, Plaintiff obtained a life insurance policy from State Farm (the "Policy"). R. Doc. 22-6 at 1. On September 19, 2023, State Farm informed Plaintiff that it would be rescinding the Policy and refunding Plaintiff's premiums because of a "material misrepresentation" it had discovered Plaintiff made in his application for the Policy. R. Doc. 24-3 at 1. Believing this rescission to be improper, Plaintiff filed the instant suit against State Farm asserting breach of contract. R. Doc. 1-1 at 2–3. State Farm now moves for summary judgment on Plaintiff's claims, arguing it breached no provision of the Policy, but rather exercised its right under the Policy to rescind within the two-year contestability period based on Plaintiff's alleged material misrepresentation. R. Doc. 22-1 at 5–6.

In opposition, Plaintiff argues he made no material misrepresentation in his application for the Policy. R. Doc. 24 at 4. The basis for this disagreement lies in the report of Jennifer Jacober, a genetics counselor with whom Plaintiff met on April 27, 2022, prior to applying for life insurance

1

through State Farm. *See* R. Doc. 22-5. Plaintiff consulted with Ms. Jacober to discuss his family history of Huntington's disease and the possibility of being tested. *Id.* at 2–3. State Farm claims that Plaintiff's failure to disclose his meeting with Ms. Jacober constitutes a material misrepresentation justifying its recission of the Policy because Plaintiff denied in his application that he had been advised to have further testing to determine any diagnosis by a member of the medical profession. R. Doc. 22-1 at 2, 6. On the other hand, Plaintiff argues that Ms. Jacober did not, in fact, recommend that he pursue testing, rendering his failure to disclose the meeting with Ms. Jacober immaterial and an improper basis for recission of the Policy.

## II.    APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## III.    DISCUSSION AND ANALYSIS

State Farm seeks the entry of summary judgment in its favor because, it claims, Plaintiff made a material misrepresentation in his application for the Policy. Louisiana Revised Statute §

2

22:860(B) provides, in pertinent part, that the falsity of a statement made by an insured in an application for life insurance shall not bar the insured's right to recovery under the contract unless either "[t]he false statement was made with actual intent to deceive" or "[t]he false statement materially affected either the acceptance of the risk or the hazard assumed by the insurer under the policy." There is no evidence in the record before the Court that Plaintiff actually intended to deceive State Farm when he neglected to disclose his meeting with Ms. Jacober in the application for the Policy.[1] However, State Farm argues that, had it known about Plaintiff's meeting with Ms. Jacober, it would not have approved Plaintiff's application for life insurance until Plaintiff had been tested for Huntington's disease; thus, that Plaintiff's allegedly false statement that no member of the medical profession had advised him to have further testing to determine any diagnosis materially affected its acceptance of the risk and/or the hazard it assumed in agreeing to insure Plaintiff. R. Doc. 22-1 at 8.

But it is far from clear whether Ms. Jacober actually recommended Plaintiff pursue testing for Huntington's disease. In fact, Ms. Jacober testified explicitly that she had not, and that she would "would never say that." R. Doc. 24-4 at 43. It is true that Ms. Jacober's report ends with two "RECOMMENDATIONS: 1. Option to be seen by [Huntington's disease] at-risk clinic (patient declined) | 2. Genetic testing for [Huntington's disease] after [Plaintiff] obtains long-term care insurance (patient will follow-up with me)." R. Doc. 22-5 at 3. However, Ms. Jacober's second recommendation can be read to recommend that Plaintiff obtain insurance prior to pursing any testing rather than to recommend testing itself. Especially in light of Ms. Jacober's denial that she advised Plaintiff be tested, this creates at minimum an issue of material fact whether Plaintiff's

---

1 State Farm asks the Court to infer actual intent to deceive from the fact that Ms. Jacober recommended to Plaintiff that he obtain life insurance prior to pursuing testing for Huntington's disease. R. Doc. 22-1 at 8–9. However, this constitutes a credibility determination that must be submitted to the jury at trial, not the Court at the summary judgment stage.

statement that no such testing had been recommended to him was false.[2] This is a question for the jury and not a determination this Court can make on summary judgment.[3] Because a factual dispute exists as to whether Plaintiff made a material false statement on his application for the Policy, summary judgment is inappropriate and State Farm's motion must be denied.[4]

### IV.      CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that State Farm Life Insurance Company's Motion for Summary Judgment, R. Doc. 22, is hereby **DENIED**.

New Orleans, Louisiana, this 17th day of December, 2025.

_____
United States District Judge

---

[2] In its reply memorandum, State Farm points out that while Ms. Jacober denied having recommended Plaintiff pursue testing for Huntington's disease, upon questioning she admitted recommending him for "[m]ore evaluation I guess." R. Doc. 27 at 1 (citing R. Doc. 22-8 at 35). Nonetheless, as the Court has determined, it is unclear from Ms. Jacober's medical report whether she was recommending Plaintiff pursue testing or, even evaluation. Accordingly, a fact issue remains whether *Plaintiff* made any material misrepresentation on his application for the Policy.

[3] Plaintiff's application for the Policy also asked Plaintiff whether, in the last five years, he had seen any member of the medical profession. *See* R. Doc. 22-4 at 10–11. To the extent State Farm may be arguing that it could permissibly rescind the Policy because Plaintiff did not disclose the *fact* of his meeting with Ms. Jacober, an issue of material fact also exists as to whether this constitutes a misrepresentation, let alone a material one, as Plaintiff did not answer "no" to this question, but merely did not answer it. *See id.*

[4] State Farm argues additionally that Plaintiff cannot prove damages in this matter because he is still alive and his premiums have been refunded. R. Doc. 22-1 at 9. The Court has already rejected this argument in denying State Farm's prior Motion to Dismiss and will not address it again. *See* R. Doc. 7 at 3.